IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

BRUCE E. CAMPBELL,

      Plaintiff,

vs.

CITY OF HARTSELLE,
ALABAMA, et al.,

      Defendants.

CASE NO. CV-01-J-99-NE

**ENTERED**

MAY 2 3 2001

## MEMORANDUM OPINION

Currently pending before the court is the defendants City of Hartselle, Mayor Stephenson, Councilman Kirby, Councilman Hall, Councilman Vest, Councilwoman Sivley and Councilwoman Sims' joint motion for summary judgment (doc. 13), and brief in support thereof, to which the plaintiff filed a response (doc. 18) and the defendants thereafter submitted a reply. The defendants also filed evidentiary submissions in support of their motion. The court has reviewed the motion, the memoranda of law and the evidentiary submissions of the defendants.

### I. Procedural History

Plaintiff commenced this action by filing a complaint (doc. 1) alleging that the defendants discriminated against him in violation of Title VII of the Civil Rights Act of 1964 by firing him for complying with the Hartselle Utility Board of Directors' policies and procedures. Complaint at ¶ 20. The plaintiff also alleges his termination constituted a breach of contract. Complaint at ¶¶ 21-26. Lastly, the plaintiff alleges these actions violated

his due process and equal protection rights under the United States Constitution and the Constitution of the State of Alabama. Complaint at ¶ 31. The plaintiff does not allege that any discrimination against him was motivated by his race, sex, color, national origin, or religion.

## II. Factual Background

In the light most favorable to the plaintiff, the facts of this case are as follows:

The plaintiff avers he conducted his duties as General Manager of the Hartselle Utilities Board ("the Board") on an equal and fair basis, which upset certain developers and council members with vested interests in land development in the Hartselle, Alabama area. Complaint at ¶ 12. The plaintiff's fair and equal implementation of policies caused adverse financial impact on these certain developers and counsel members. Complaint at ¶ 12. Non-defendant Jimmy Little was named to the Board in April, 1999. Complaint at ¶ 13. Plaintiff alleges Mr. Little has a land interest near Interstate 65 and was possibly also a councilman. Complaint at ¶ 13. Mr. Little was opposed to a sewer system study because the study would adversely affect Little's financial interest. Complaint at ¶ 13. Mr. Little was also upset about a $22,000.00 water main contribution fee the plaintiff assessed against a subdivision development being constructed by Mr. Little. Complaint at ¶ 15.

In his tenure as manager, the plaintiff also fined Councilman Kirby $1,000.00 for hitting underground utilities while digging with his backhoe. Complaint at ¶ 17. The plaintiff also demoted Councilman Little's wife, who was an employee of Hartselle Utilities, at the instruction of the Board. Complaint at ¶ 18.

2

The plaintiff states he was employed by the City of Hartselle, but more specifically the Hartselle Utility Board, as manager from September 15, 1997 until he was fired on August 9, 1999.[1]  Complaint at ¶¶ 2, 11.  The decision to terminate his employment was made by the Board of Directors of the Hartselle Utilities and not by the City or any officer thereof.  Affidavit of Tyner at ¶ 12.  The named individual defendants are currently or were in the past members of the city council as well as the mayor.  Complaint at ¶¶ 5-10.

The defendants assert that the plaintiff was an employee of the Board and not of the City or the City Council.  Defendants' brief at 3.  The Board was incorporated as a public corporation under §§ 11-50-310, *et seq.*, on June 13, 1989.  Defendant's brief at 2; exhibits A & B to affidavit of Tyner.  Thus, defendants argue, plaintiff has no cause of action against them under Title VII as he was not their employee.  The defendants also argue that even if the personnel policy statements of the Board constitute a binding employment contract under which the plaintiff could pursue a breach of contract action, this contract would be with the Board and not with the City of Hartselle, the city council members, the mayor, or any of these defendants as individuals.  Defendants' brief at 4.  Lastly, the defendants argue that the plaintiff can have no due process or equal protection claim against them as he was not their employee and they did not terminate him.  Defendants' brief at 17-20.

---

[1]The Hartselle Utility Board and the Hartselle Utility Board of Directors were both named defendants in the plaintiff's complaint of January 9, 2001.  At no time since the complaint was filed has either of these entities been served with a Summons and Complaint as required by Rule 4, Federal Rules of Civil Procedure.  On May 16, 2001, this court entered a Show Cause Order instructing the plaintiff to show cause why these two defendants should not be dismissed in accordance with Rule 4(m), Fed.R.Civ.Proc.  As such, this court makes no finding as to whether the plaintiff has stated a viable cause of action against either of these unserved defendants.

The plaintiff responds that because the members of the Board are elected by the city council, pursuant to law, these entities are so intertwined that all named defendants are proper parties to this litigation. Plaintiff's response at 5. The plaintiff further states that he was subject to retaliatory employment practices for his activities in attempting to ensure that:

> (a) the conflict of interest of Councilman Little was known to the community; (b) the practices set forth by his employer were applied equally across the board; (c) there would be no interference with interstate commerce due to unfair implementation of policies only against those who were not favored by the Councilpersons; and (d) the Hartselle Utilities Board would not be guilty of discriminating due to racial, gender or national origin reason (sic), since those favored people that the City Council was protecting were white males with financial influence.[2]

Plaintiff's response at 5. The plaintiff asserts that he can bring an action under Title VII against each council member and the mayor as they are all employers of the director of the Hartselle Utilities Board. Plaintiff's response at 6. The plaintiff also argues that he needs discovery to determine "who was whose employer" and that he contends his direct employer was the Hartselle Utilities Board.[3] Plaintiff's response at 7. The plaintiff also argues that he has a cause of action under 42 U.S.C. § 1983, although he has not plead such a cause of action. Plaintiff's response at 8-10. The plaintiff further includes an argument that the

---

[2]The plaintiff does not assert any First Amendment claim.

[3]The plaintiff has not submitted an affidavit under Rule 56(f), Federal Rules of Civil Procedure, regarding the need for discovery on the issue of who was his employer.

defendants are not entitled to qualified immunity in this cause, but the court finds this section of plaintiff's response to be absolutely incomprehensible.[4]

### III.  Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of genuine issues of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a

---

[4]The court does consider whether the plaintiff has any cause of action against any of the defendants who joined in the pending motion.  For now, the court notes only that without a cause of action, this court does not need to address whether the defendants are entitled to any sort of immunity.

genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Federal Rule of Civil Procedure 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249.

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case .... A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AL Transport*, 229 F.3d 1012, 1023 (11th Cir.2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

6

## IV. Discussion

### A. Title VII claims against the City of Hartselle and its Council

Under Title VII, an employer may not discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). The plaintiff may only sue his employer under Title VII. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991).[5] While this court questions whether the plaintiff has stated a cognizable claim under Title VII against anyone, the court finds that none of the defendants currently before the court were the plaintiff's employer.

This claim cannot proceed against the individual defendants. Individual liability suits are inappropriate under Title VII.[6] While the plaintiff argues that *Busby v. City of Orlando* is no longer the law in this circuit, the court finds that in *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996), the Eleventh Circuit states "this Circuit has previous held that there is no individual responsibility under [Title VII]," citing to *Busby*, 931 F.2d at 772. *See also Harris v. Shelby County Board of Education*, 99 F.3d 1078, 1083, n.3 (11th Cir.1995); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995).

---

[5]The plaintiff argues that this court should ignore the Eleventh Circuit precedent from the *Busby* decision in favor of an unreported decision of one of the court's fellow District Court judges. The court declines. The plaintiff's counsel may wish to read the decision in *Mason v. Stallings*, 82 F.3d 1007 (11th Cir.1991), where the purpose of including the "agent" language is discussed.

[6]This court has placed aside plaintiff's apparent failure to file an EEOC charge, but merely notes such failure bars this claim against these defendants anyway.

Thus, the remaining question for the plaintiff's Title VII claim is whether he may pursue this action against the City of Hartselle. Every party to this action asserts that the plaintiff was employed by the Board, which is a distinct entity from the City, with the ability to sue and be sued in its own right.[7] *See e.g.* affidavit of Tyner at ¶ 2, plaintiff's brief at 7, §§ 11-50-313(a), 11-50-314(a)(2), Code of Alabama. The court notes that this is not an issue on which the plaintiff should need discovery – he should know who signed his paycheck.[8] In fact, in his response to defendants' previous motion to dismiss (doc. 7), the plaintiff states "Although the city council and the City of Hartselle were responsible for who was hired and fired by the Hartselle Utilities Board, plaintiff was not a municipal employee but an employee of the Hartselle Utilities Board." The plaintiff further asserts that "his direct employer was the Hartselle Utility Board." Plaintiff's response at 7. As such, this court finds that the plaintiff may not pursue a cause of action under Title VII against the City of Hartselle or the City Council. These claims are dismissed against the defendants who joined in the pending motion for summary judgment.

## B.  Breach of Contract Claim

The court having found that the plaintiff was employed by the Board and not the Council, the court finds that any claim for breach of an employment contract must be brought against the Board and not the Council. The plaintiff "contends that his direct

---

[7] In fact, the plaintiff even argues that "the Utility Board is chosen in compliance with § 11-50-313 ..." Plaintiff's response at 8.

[8] The plaintiff's assertion that certain council members exerted influence over Board members does not change the identity of plaintiff's employer.

employer was the Hartselle Utilities Board, and that he had a contract with that particular

entity." Plaintiff's response at 7. The plaintiff thus admits he had no contract with the City

Council, the City Council members, the mayor, or the City of Hartselle. As such, the

plaintiff's claims for breach of contract against these defendants are due to be dismissed.[9]

### C. Violations of Constitutional Law

The plaintiff has asserted that his state and federal constitutional rights were violated

by his termination. This argument is stated by the plaintiff as:

> the plaintiff contends that the City of Hartselle, as well as the other defendants,
> had the ability to decide the plaintiff's future with the Utilities Board and
> therefore they deprived him of his employment, thereby violating his
> constitutionally protected rights.

Plaintiff's response at 8. The plaintiff further states that "the defendant (sic) had a property

right in his job when it was taken from him." *Id.* The plaintiff then states that the case law

on which he relies:

> means that under both Federal and State Constitutions, whether the
> employment is contractual, legislatively created or created by policy, the
> employee has a property right in such and therefore has a due process claim
> under the Fourteenth Amendment of the Constitution.

Plaintiff's response at 9. The plaintiff was undisputedly fired by the Hartselle Utility Board.

The court does not address whether or not the plaintiff has a viable constitutional claim

against the Board, beyond noting no cause of action under § 1983 is stated in the complaint.

The court notes that if any such claim exists, it would exist against that entity, and not the

---

[9]The court makes no judgment as to whether the plaintiff has viable breach of contract
claims against the Board or the Hartselle Utility Board of Directors as these questions are not
properly before it.

defendants who filed the pending motion. Therefore, the court finds any such claims which may exist are due to be dismissed against these defendants.

### D. Qualified Immunity

Because the court finds no viable cause of action against the defendants who joined in the pending motion, the court does not undertake a hypothetical analysis of whether the defendants here would have qualified immunity if such causes of action existed.

### IV. Conclusion

This court having considered all of the evidence, memoranda and briefs and the court finding that the defendants' motion for summary judgment (doc. 13) is due to be granted on all counts of the complaint as no genuine issues of material fact exist;

It is therefore **ORDERED** by the court that said motion be and hereby is **GRANTED** on all counts of plaintiff's complaint and judgment shall be entered in favor of the defendants who joined in the motion and against the plaintiff by separate order.

**DONE** and **ORDERED** this the ___23___ day of May, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE